PROB 12B
(12/00)

# United States District Court
**for**
## The District of Rhode Island

**Request for Modifying the Conditions of Supervision with Consent of the Offender**

**Name of Offender:** Henry A. Grullon **Case Number:** 1:00CR00058-001ML

**Name of Sentencing Judicial Officer:** Honorable Mary M. Lisi

**Date of Original Sentence:** December 1, 2000

**Original Offense:** Counts I & II: Knowingly and Intentionally Distribute a Mixture of Heroin

**Original Sentence:** Seventy-four months incarceration, thirty-six months supervised release with a special condition to participate in substance abuse treatment and a $200 special assessment.

**Type of Supervision:** Supervised Release **Date Supervision Commenced:** December 28, 2005

---

☐ To extend the term of supervision for _____ years, for a total term of _____ years.

☒ To modify the conditions of supervision as follows:

**The defendant shall serve a term of 90 days home confinement with electronic monitoring and the defendant shall be required to pay for the cost of electronic monitoring at a rate of $3.25 per day. The defendant shall be authorized to leave his residence for employment, counseling, the random urinalysis color code program, religious services on Sundays and community service.**

**The defendant shall complete community service at a rate of five hours per week for ten weeks at a location approved by the United States Probation Department.**

**CAUSE**

As Your Honor may recall, on April 18, 2006, Mr. Grullon was admitted to STARR Detoxification, North Kingstown, Rhode Island for inpatient services as he had been using Oxycotin, Vicodin, Valium and other pain medications not prescribed to him for a period of three weeks as evidenced by his April 4, 2006, positive urine specimen and April 17, 2006, admission. On April 23, 2006, however, he removed himself from this facility against medical advice and without consulting the U.S. Probation Department.

On April 27, 2006, Mr. Grullon was admitted into the Discovery House, Providence, Rhode Island for group and individual substance abuse treatment along with methadone maintenance. According to the facility, Mr. Grullon has participated in all required treatment protocols and attended all group and individual counseling sessions. Further, his urine screens have failed to reveal any use of illicit substances.

PROB 12B
(12/00)

On July 5, 2006, however, Mr. Grullon submitted a urine specimen to the U.S. Probation Department that tested positive for morphine. He later disclosed that he had ingested an unknown pill prescribed to a friend of the family.

On July 18, 2006, USPO Borrelli spoke to Mr. Grullon's counselor and medical team from the Discovery House to determine whether he should be testing positive for any opiates. According to his counselor, Mr. Grullon should not be testing positive for any morphine as this would be in violation of his treatment objectives.

On July 31, 2006, Mr. Grullon failed to report to the United States Probation Department to submit a urine specimen in accordance with the Random Urinalysis Color Code Program. He reported that he failed to do so as he was working and had forgotten to verify the color of the day in accordance with the program protocol.

On August 2, 2006, USPO Borrelli spoke to First Assistant United States Attorney Kenneth P. Madden and he advised that he does not pose any objections to the above-mentioned modifications.

On August 4, 2006, Mr. Grullon met with USPO Borrelli and executed a PROB form 49 - Waiver of Hearing to Modify of Conditions of Supervised Release. In view of Mr. Grullon's continued pattern of noncompliance, it is respectfully recommended that his conditions be modified to include the above-mentioned conditions in lieu of violation proceedings. During the remainder of Mr. Grullon's term of supervision, we will make a concerted effort to bring Mr. Grullon back into compliance with all the terms of supervision. If non-compliance continues, however, the Court shall be notified and punitive action may be sought.

**Reviewed and Approved by:**

Kurt E. O'Sullivan

**Kurt E. O'Sullivan**
**Supervising U.S. Probation Officer**

Date: 8/4/06

**Respectfully Submitted by:**

**David S. Borrelli**
**U.S. Probation Officer**

Date: 8/4/06

## The Court Orders

- ☐ No Action
- ☐ The Extension of Supervision as Noted Above
- ☑ The Modification of Conditions as Noted Above
- ☐ Other

Mary M. Lisi
Honorable Mary M. Lisi
U.S. District Judge

August 7, 2006
Date

Prob 49
(Rev. 3/89)

# United States District Court
for
# The District of Rhode Island

## Waiver of Hearing to Modify Conditions of Supervised Release

I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release or to the proposed extension of my term of supervision:

**The defendant shall serve a term of 90 days home confinement with electronic monitoring and the defendant shall be required to pay for the cost of electronic monitoring at a rate of $3.25 per day. The defendant shall be authorized to leave his residence for employment, counseling, the random urinalysis color code program, religious services on Sundays and community service.**

**The defendant shall complete community service at a rate of five hours per week for ten weeks at a location approved by the United States Probation Department.**

Witness: ____________ Signed: ____________

08/04/06
Date