UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CR No. 00-58-01ML |
| | : | |
| HENRY GRULLON | : | |

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

This matter has been referred to me pursuant to 28 U.S.C. § 636(b)(1)(B) and 18 U.S.C. § 3401(i) for proposed findings of fact concerning whether the Defendant is in violation of the terms of his supervised release and, if so, to recommend a disposition of this matter. In compliance with that directive and in accordance with 18 U.S.C. § 3583(e) and Fed. R. Crim. P. 32.1, a hearing was held on February 4, 2008, at which time Defendant, through counsel and personally, admitted that he was in violation of his supervised release conditions as to the charged violations. At the hearing, I ordered Defendant detained pending my Report and Recommendation and final sentencing before Chief Judge Mary M. Lisi. Based upon the following analysis and the admission of Defendant, **I recommend that Defendant be committed to the Bureau of Prisons for a term of twenty-four months of incarceration on Count I and one month of incarceration on Count II, consecutive, followed by a term of supervised release for a period of thirty-six (36) months on Count II. I further recommend that, while on supervised release, Defendant participate in outpatient or inpatient substance treatment program as approved by the United States Probation Department. I further recommend that Defendant submit to no more than seventy-two urine**

**specimens per year while on supervised release. Finally, I recommend that Defendant complete twenty hours of community service per week while on supervised release.**

**Background**

On July 26, 2007, the Probation Office petitioned the Court for the issuance of a Warrant for Defendant's arrest. On July 27, 2007, the District Court reviewed the request and ordered the issuance of a Warrant. Defendant appeared in Court on January 17, 2008 for a preliminary hearing. A subsequent hearing was held on February 4, 2008 at which time Defendant knowingly and voluntarily admitted to the following charges and waived his right to a revocation hearing under Fed. R. Crim. P. 32.1(b)(2):

> **While on supervision, the defendant shall not commit another federal, state, or local crime.**
>
> Mr. Grullon possessed heroin with intent to deliver and solicited another person to possess cocaine as evidenced by his July 5, 2007 arrest by members of the Providence Police Department and Drug Enforcement Administration.
>
> **The defendant shall refrain from any unlawful use of a controlled substance.**
>
> Mr. Grullon ingested Vicodin, Heroin and Cocaine as evidenced by his February 7, 2007 positive urine screen and February 15, 2007 admission.
>
> **The defendant shall refrain from any unlawful use of a controlled substance.**
>
> Mr. Grullon ingested Morphine as evidenced by his June 25, 2007 positive urine screen.
>
> **The defendant shall follow the instructions of the probation officer.**
>
> Mr. Grullon failed to report to the U.S. Probation Department on May 8, 2007, May 17, 2007, May 21, 2007, May 30, 2007, June 4, 2007,

> June 12, 2007 and June 21, 2007 in accordance with the Random Urinalysis Color Code Program as directed by U.S. Probation Officer David S. Borrelli on December 30, 2005.

As the Defendant has admitted these charges, I find he is in violation of the terms and conditions of his supervised release.

**Recommended Disposition**

Section 3583(e)(2), 18 U.S.C., provides that if the Court finds that Defendant violated a condition of supervised release, the Court may extend the term of supervised release if less than the maximum term was previously imposed. In this case, the maximum term of supervised release is life.

Section 3583(e)(3), 18 U.S.C., provides that the Court may revoke a term of supervised release and require the Defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term or supervised release without credit for time previously served on post release supervision, if the Court finds by a preponderance of evidence that the defendant has violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be sentenced to a term beyond 5 years if the instant offense was a Class A felony, 3 years for a Class B felony, 2 years for a Class C or D felony, or 1 year for a Class E felony or a misdemeanor. If a term of imprisonment was imposed as a result of a previous supervised release revocation, that term of imprisonment must be subtracted from the above-stated maximums to arrive at the current remaining statutory maximum sentence. In this case, Defendant was on supervision for Class C felonies. Therefore, he may not be required to serve more than two years' imprisonment upon revocation.

Pursuant to 18 U.S.C. § 3583(h) and § 7B1.3(g)(2), when a term of supervised release is revoked and the defendant is required to serve a term of imprisonment that is less than the maximum term of imprisonment authorized, the Court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release. In this case, the authorized statutory maximum term of supervised release is life.

Section 7B1.1 of the Sentencing Guidelines provides for three grades of violations (A, B, and C). Subsection (b) states that where there is more than one violation, or the violation includes more than one offense, the grade of violation is determined by the violation having the most serious grade.

Section 7B1.1(a) notes that a Grade A violation constitutes conduct which is punishable by a term of imprisonment exceeding one year that (i) is a crime of violence, (ii) is a controlled substance offense, or (iii) involves possession of a firearm or destructive device; or any other offense punishable by a term of imprisonment exceeding twenty years. Grade B violations are conduct constituting any other offense punishable by a term of imprisonment exceeding one year. Grade C violations are conduct constituting an offense punishable by a term of imprisonment of one year or less; or a violation of any other condition of supervision.

Section 7B1.3(a)(1) states that upon a finding of a Grade A or B violation, the Court shall revoke supervision. Subsection (a)(2) provides that upon a finding of a Grade C violation, the court

may revoke, extend, or modify the conditions of supervision. In this case, Defendant has committed a Grade A violation. Therefore, the Court shall revoke supervision.

Section 7B1.3(c)(1) provides that where the minimum term of imprisonment determined under § 7B1.4 is at least one month, but not more than six months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in § 5C1.1(e) for any portion of the minimum term. Should the Court find that Defendant has committed a Grade B or C violation, § 7B1.3(c)(2) states that where the minimum term of imprisonment determined under § 7B1.4 is more than six months but not more than ten months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in §5C1.1(e), provided that at least one-half of the minimum term is satisfied by imprisonment. Neither of these provisions apply to this matter.

Section 7B1.3(d) states that any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation shall be ordered to be paid or served in addition to the sanction determined under § 7B1.4 (Term of Imprisonment), and any such unserved period of confinement or detention may be converted to an equivalent period of imprisonment. In this case, there are no outstanding restitution, fine, community confinement, home detention, or intermittent confinement.

Section 7B1.4(a) of the USSG provides that the criminal history category is the category applicable at the time Defendant originally was sentenced. In this instance, Defendant had a criminal history category of VI at the time of sentencing.

Should the Court revoke supervised release, the Revocation Table provided for in § 7B1.4(a) provides the applicable imprisonment range. In this case, Defendant committed a Grade A violation and has a Criminal History Category of VI. Therefore, the applicable range of imprisonment for this violation is thirty-three to forty-one months.

Section 7B1.5(b) of the USSG provides that, upon revocation of supervised release, no credit shall be given toward any term of imprisonment ordered, for time previously served on post-release supervision.

**Offender's Characteristics**

Defendant plead guilty to two counts of heroin trafficking in 2000 and received a seventy-four month prison term. Defendant was released and commenced a three-year term of supervised release on December 28, 2005.

Defendant has a history of drug addiction and reverted to drug abuse while on supervision. Defendant participated in drug treatment with little, if any, progress made. Defendant tested positive for drugs on two occasions, was untruthful about his drug use with Probation and also failed to report for urinalysis on several other occasions. Although these issues are serious, the primary issue in this revocation case is Defendant's arrest on July 5, 2007 for heroin trafficking and soliciting another to possess cocaine. Defendant has since plead guilty to these state charges and, according to Defendant's counsel, has received a state sentence of eighteen years (thirteen suspended, five to serve).

This is a Grade A violation, and the guideline range is thirty-three to forty-one months. Although the maximum revocation sentence is restricted to twenty-four months by statute, Defendant is serving supervised release for two convictions. Thus, he is exposed to twenty-four months on each count and could receive consecutive terms which total a sentence within the guideline range.

The Government argued for a maximum twenty-four month sentence on Count I with no supervised release and a one-month sentence on Count II to be followed by three years' additional supervised release. The Government stated that its recommendation (eight months below the guideline minimum) took into account Defendant's acceptance of responsibility by admitting to these violations and that Defendant had received a state sentence for the same underlying offense. Defendant argued that these same circumstances warranted an even lower sentence of eighteen months and that no further federal supervision was necessary because Defendant would be under state probation for a lengthy term.

I find that the Government's proposal is reasonable and takes into consideration both the seriousness of Defendant's renewed drug dealing and the factors discussed above. Defendant's request for an additional seven-month reduction is not warranted by the facts and circumstances and is rejected. Defendant failed to take full advantage of the resources made available to him while on supervised release and his return to heroin dealing shows that his prior sentence had no deterrent impact on Defendant's behavior. This is troubling and warrants further punishment and a renewed period of supervised release as proposed by the Government. Hopefully, this time Defendant will take advantage of the treatment services provided to him upon release and turn away from his history of drug use and drug dealing.

**Conclusion**

After considering the various factors set forth in 18 U.S.C. § 3553(a), **I recommend that Defendant be committed to the Bureau of Prisons for a term of twenty-four months of incarceration on Count I and one month of incarceration on Count II, consecutive, followed by a term of supervised release for a period of thirty-six (36) months on Count II. I further recommend that, while on supervised release, Defendant participate in outpatient or inpatient substance treatment program as approved by the United States Probation Department. I further recommend that Defendant submit to no more than seventy-two urine specimens per year while on supervised release. Finally, I recommend that Defendant complete twenty hours of community service per week while on supervised release.**

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within ten (10) days of its receipt. Rule 32, Local Rules of Court; Fed. R. Civ. P. 72(b). Failure to file specific objections in a timely manner constitutes a waiver of the right to review by the District Court and the right to appeal the District Court's Decision. United States v. Valencia-Copete, 792 F.2d 4 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980).

/s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
February 6, 2008